# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANYUE CHEN,**

    Plaintiff,

 -vs-              **Case No. 07-C-844**

**EMILIO T. GONZALEZ,**

    Defendant.

---------------------------------------------------

**BODAN MA,**

    Plaintiff,

 -vs-              **Case No. 07-C-845**

**EMILIO T. GONZALEZ,**

    Defendant.

## DECISION AND ORDER

These consolidated civil complaints were brought to expedite naturalization proceedings. The government moves to dismiss for lack of jurisdiction. The plaintiffs are proceeding *pro se*, so the government's motion includes the notices required under Civil L.R.

56.1.[1] The plaintiffs, Danyue Chen ("Chen") and Boden Ma ("Ma"), did not respond to the government's motion. For the reasons that follow, the motion to dismiss is granted.

On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court may look beyond the allegations of the complaint and view other submitted evidence. *See Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003). Jurisdiction is the "power to decide" and must be conferred upon a federal court. *See In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdictional requirements have been met. *See Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

The plaintiffs are citizens of China. They have been lawful permanent residents of the United States since 2001. Each applied to become a naturalized citizen on September 5, 2006. Their applications are currently in the background and security check phase of the naturalization process. *See* Docket No. 9-2, 9-3 (Declarations of Gerald Heinauer, ¶ 6). The plaintiffs' complaint requests an order forcing the government to complete the background check and naturalization process on an expedited basis.

The complaint asserts jurisdiction under 8 U.S.C. § 1447(b) (INA § 336(b)). This statute provides that an applicant may file an action in federal district court if there is no decision within 120 days of the applicant's "examination." Here, neither applicant reached

---

[1] Because the defendant's motion is brought pursuant to Rule 12(b)(1) (lack of subject matter jurisdiction), it appears that the *pro se* notice procedures are not actually required under Civil L.R. 56.1(b) (procedure applies to motions for summary judgment, "motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court").

the examination stage of the process before filing their complaints in district court. Therefore, the Court does not have jurisdiction under INA § 336.

The complaints cite a variety of other statutes and regulations. None of these statutes (including the Administrative Procedure Act ("APA")) confer jurisdiction in the instant case. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977) (APA "does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action"); *Wikberg v. Reich*, 21 F.3d 188, 189 (7th Cir. 1994) (APA does not give "federal courts jurisdiction to entertain suits against federal agencies...").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The defendant's motion to dismiss for lack of jurisdiction [Docket No. 8] is **GRANTED**; and

2. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this __30th__ day of January, 2008.

                      **SO ORDERED,**

                      **s/ Rudolph T. Randa**
                      **HON. RUDOLPH T. RANDA**
                      **Chief Judge**